UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

**Matthew & Traci Dehlendorf,**

**Plaintiffs,**

**v.**

**Imperial Fire & Casualty Insurance Company,**

**Defendant.**
_____/

**COMPLAINT**

COME NOW, the Plaintiffs, **Matthew & Traci Dehlendorf** (collectively referenced herein as "Plaintiffs"), and hereby sues Defendant, **Imperial Fire & Casualty Insurance Company** (referenced herein as "Defendant"), and alleges as follows:

**PARTIES, JURISDICTION & VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 4072, as this action arises under flood insurance regulations issued by the Federal Emergency Management Agency ("FEMA"); the National Flood Insurance Act of 1968, as amended, ("NFIA"), 42 U.S.C. 4001 *et seq*.: and federal common law.

2. Venue is proper in the United States District Court for the Middle District of Florida, Miami Division, pursuant to 28 U.S.C. § 1391(b), 28 U.S.C. 1391(c), and 42 U.S.C. § 4072.

3. Plaintiffs, at all times material hereto, have maintained ownership of the subject property, which is located at 27084 Harbor Drive, Bonita Springs, FL 34135 (the "Property").

4. The Defendant is a Florida corporation, organized and existing under the laws of Florida, qualified to do business in Florida, and has at all times material hereto been conducting

business in Bonita Springs, Florida.

5. The Defendant is, *inter alia*, a Program Carrier participating in the United States Governmental National Flood Insurance Program ("NFIP") pursuant to the NFIA.

6. Pursuant to 44 C.F.R. § 62.23(d) and 44 C.F.R. § 62.23(i)(6), the Defendant was and is responsible for arranging the adjustment, settlement, payment, and defense of claims arising under the NFIP.

## GENERAL ALLEGATIONS

7. On or about September 26, 2024, areas of Florida, including the subject Property, sustained significant flooding.

8. The Defendant, pursuant to the National Flood Insurance Program, issued a standard flood insurance policy to the Plaintiffs, bearing policy number 0002938836 (the "Insurance Policy").

9. The Defendant is in possession of an original and certified copy of the Insurance Policy (which the Plaintiffs do not currently possess) and is hereby incorporated by reference and will be produced through discovery.

10. The Defendant charged and collected a premium for the issuance of the Insurance Policy.

11. The Plaintiffs paid all premiums when due and the Insurance Policy was in full force and effect at the time of loss.

12. The Plaintiff timely reported the subject loss to the Defendant.

13. The Insurance Policy, subject to its terms, conditions and exclusion, provided insurance coverage for damage to the subject property caused by flooding.

14. The Defendant issued a gross underpayment, unilaterally determining the cost to repair or replace the property.

15. Notwithstanding the aforementioned, to date, the Defendant has refused to issue additional

monies.

16. The Defendant has unfairly and improperly persisted in denying the subject claim, without a basis therefore.

## COUNT I
## BREACH OF CONTRACT

17. The Plaintiffs reincorporate and reallege paragraphs 1 through 16 as fully set forth herein.

18. It is undisputed that the Defendant entered into a written contract, the Policy, wherein the Plaintiffs agreed to pay a premium and the Defendant agreed to insure the subject Property.

19. The Plaintiffs paid all premiums due and owing as contemplated by the Policy; thus fully performing its obligations under the Policy.

20. The Plaintiffs' Property sustained damage as a result of flooding, a covered loss for which the Defendant agreed to provide coverage under the Insurance Policy.

21. Furthermore, at all times material hereto, the Plaintiffs have satisfied all post-loss obligations and has substantially complied with all material conditions pursuant to the Insurance Policy.

22. The Defendant's failure to duly perform constitutes a material breach of the Policy, and the Plaintiffs have suffered, and will continue to suffer, direct, actual and/or consequential damages as a result thereof.

23. By virtue of its various breaches of contract, including its failure to pay the Plaintiffs for covered losses, the Defendant is liable to and owes the Plaintiffs for all costs associated with recovering, repairing, and/or replacing the covered property in accordance with the Insurance Policy, together with interest and all other damages Plaintiffs may prove as allowed by law.

WEREFORE, the Plaintiffs respectfully demand a jury trial and that this Court enter judgment in Plaintiffs' favor for all such amounts Plaintiffs proves at trial, against the Defendant, for expenses, for pre-judgment interest and post-judgment interest, as provided by law, and for all other

relief this Court may deem just and proper.

                                              Respectfully submitted,

                                              By:  */s/ Yitzhak Levin*
                                              Yitzhak Levin, Esq.
                                              Florida Bar No.: 00116901
                                              Levin Litigation, PLLC
                                              *Counsel for Plaintiff*
                                              6100 Hollywood Blvd, Suite 520
                                              Hollywood, FL 33024
                                              (954) 678-5155 - Telephone
                                              Service-team06@levinlitigation.com